IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

BOBBY KIMBLE,

                  Plaintiff

     v.

GARY BOUGHTON, KARTMAN, GARDNER,
DICKMAN, WINKIESKI, and MINK,

                  Defendants.

OPINION AND ORDER

Case No.  19-cv-645-slc

_____

       *Pro se* plaintiff Bobby Kimble has filed this lawsuit under 42 U.S.C. § 1983, contending that the defendants violated his First, Eighth, and Fourteenth Amendment rights in keeping him on Administrative Confinement (AC) status at the Wisconsin Secure Program Facility (WSPF). On February 25, 2020, I granted Kimble leave to proceed against defendant Boughton on a First Amendment retaliation claim, and against defendants Boughton, Kartman, Gardner, Dickman, Winkieski, and Mink on Fourteenth Amendment due process claims. However, I denied Kimble leave to proceed on an Eighth Amendment conditions of confinement claim and a Fourteenth Amendment class of one equal protection claim. Kimble has filed a motion for reconsideration with respect to the claims upon which I denied him leave to proceed. (Dkt. 22.) For the following reasons, I am denying Kimble's motion.

OPINION

I.     Eighth Amendment

       In his amended complaint, Kimble sought to proceed against defendants on Eighth Amendment claims, on the ground that the conditions he dealt with on AC status subjected him to a risk of harm. Relevant to his motion, Kimble had alleged in particular that other inmates on AC status are dangerous and mentally ill, and that in 2018, defendants Gardner, Brown, and

Boughton had a meeting about a prisoner on AC status with known clinical issues.  Kimble claimed that their decision to place him on AC status near him exhibited deliberate indifference. I denied Kimble leave to proceed on an Eighth Amendment claim related to his perceived risk of another inmate's attack as follows:

> Kimble has not alleged that other prisoners actually threatened him, much less that Kimble told any of the defendants about those threats and they failed to protect him from harm.  As the court noted in *Gevas v. McLaughlin*, 798 F.3d 475 (7th Cir. 2015),
>
>> A generalized, vague, or stale concern about one's safety typically will not support an inference that a prison official had actual knowledge that the prisoner was in danger," whereas "a complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support and inference that the official to whom the complaint was communicated had actual knowledge of the risk.
>
> *Id.* at 480-81.

(2/25/2020 Order (dkt. 17) 12-13.)

Kimble seeks reconsideration, not based on any of his allegations, but based on the claims of another prisoner who was being held on AC status at WSPF in October of 2018, Nate Lindell. Lindell is proceeding in a different lawsuit against WSPF officials me on an Eighth Amendment deliberate indifference claim arising from an incident in October 2018 when Lindell was stabbed by another prisoner known to have violent tendencies.  *Lindell v. Boughton*, No. 18-cv-895, 2019 WL 2448801 (W.D. Wis. June 12, 2019).  Kimble argues that if I allowed Lindell to proceed on an Eighth Amendment deliberate indifference claim against WSPF officials related to the dangerousness of AC status, then I should allow Kimble to proceed on the same theory.  Kimble is incorrect.

Kimble's amended complaint in this lawsuit did not incorporate any of Lindell's allegations about the risks of assault facing prisoners on AC status, so Kimble's reference to this lawsuit provides no basis for reconsideration.  In any event, my ruling in Lindell's lawsuit does not suggest that Kimble should be allowed to proceed on an Eighth Amendment claim related to his experience on AC status.  To start, the claim Lindell is proceeding upon is narrower than how Kimble describes it.  In Lindell's lawsuit, he alleged that he was stabbed by another prisoner, Jesse Keith, while Lindell was participating in recreation with Keith.  In considering whether Lindell should be able to proceed against Boughton, Security Director Kartman, and a unit manager on Eighth Amendment claims related to their failure to protect him from the assault, I began by acknowledging the limitation on failure to protect claims set forth in *Gevas*.  *Id.* at *4. Noting that it was a close call, I concluded that Lindell had alleged facts that might support an inference that he was subjected to a specific and substantial risk of harm prior to his attack, since the defendants knew that (1) prisoners on AC status were able to obtain weapons, (2) serious assaults between prisoners on AC status were occurring in recreation rooms at WSPF, and (3) Keith was a uniquely dangerous prisoner.  Based on these facts, I accepted that Lindell had pled sufficient facts to permit an inference that these defendants had reason to know that Keith might attack Lindell if the two were in recreation together.  *Id.*

In contrast, Kimble's allegations related to the dangerousness of AC status are more general, and his complaints about AC status do not relate to the dangerousness of attending recreation with other prisoners on AC status. Moreover, Kimble does not allege that (1) any other prisoner on AC status threatened him, (2) he's actually been attacked while on AC status, or (3) he has reported any perceived threats to any of the defendants in this lawsuit.  Rather,

3

Kimble alleges that there are other dangerous prisoners and he was placed in a cell near a prisoner who had known issues and who ended up yelling and banging on his cell door. Even assuming that Kimble reported his concerns about this prisoner to one of the defendants in this lawsuit, this type of general concern Kimble outlines is factually distinguishable from Lindell's circumstances. It does not support a claim that any of the defendants in this lawsuit acted with deliberate indifference to the risk that Kimble would be attacked by another prisoner on AC status. Accordingly, I am denying Kimble's motion for reconsideration with respect to his proposed Eighth Amendment deliberate indifference claims.

II.      Fourteenth Amendment

I denied Kimble leave to proceed against Boughton on a class of one equal protection claim because Kimble's allegations related to Boughton's decisions to keep him in AC status were rationally related to prison safety and security, and Kimble's belief about Boughton's *actual* reason for those decisions is not relevant to whether Kimble's allegations support a class of one equal protection claim. (2/25/2020 Order (dkt. 17) 19.)

Kimble seeks reconsideration on the ground that he should be able to proceed on an equal protection claim against Boughton along the same lines that I allowed him to proceed on a retaliation claim against Boughton. Specifically, Kimble argues that if I found it reasonable to infer that Boughton intended to punish him by keeping him in AC indefinitely, then I should also conclude that Boughton singled him out for punishment, which support a class of one equal protection clause claim, since Kimble was treated differently from other prisoners without any rational basis. In support, Kimble cites cases standing for the proposition that retaliatory motive

4

can be proven by submitted evidence that others who were "similarly situated to plaintiff received more favorable treatment." *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 404-06 (7th Cir. 2007); *Scaife v. Cook Cty.*, 446 F.3d 735, 739 (7th Cir. 2006).

Kimble is correct that Boughton's motive is relevant to his First Amendment retaliation claim, but, as I explained in the screening order, Boughton's *actual* intent is irrelevant to whether he can proceed on a class of one equal protection claim.   Rather, "[p]rison classifications are presumed to be rational and will be upheld if any justification for them can be conceived." *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016); *see also Scherr v. City of Chicago*, 757 F.3d 593, 598 (7th Cir. 2014) (to  prevail on a class of one claim, the plaintiff must negate any reasonably conceivable state of facts that could provide a rational basis for the classification).  Boughton's continued decision to keep Kimble on AC status – as well as his decision to require Kimble to undergo a psychological evaluation before he could be released from AC status to general population – bore a rational relationship to the interest in maintaining prison safety and security at WSPF.  Although Kimble believes that Boughton's motive in keeping him on AC status was to punish Kimble, he has not negated the possibility that the reason for Kimble's placement was prison safety and security.  Accordingly, I'm denying Kimble's motion for reconsideration as to his proposed class of one claim.

## ORDER

IT IS ORDERED that plaintiff Bobby Kimble's motion for reconsideration (dkt. 22) is DENIED.

Entered this 3rd day of June, 2020.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge